UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ERIC MICHAEL PARSON,                           Action No. 3:09–CR-377
                              Defendant.

MEMORANDUM OPINION

THIS MATTER is before the Court on the Defendant Eric Michael Parson's Motion to

Suppress Evidence and Statements.  (Doc. No. 11).   The Court made findings of fact, as stated

from the bench, on January 7, 2010, the most pertinent of which are recited below.  For the reasons

stated from the bench, and for the reasons stated below, the Court DENIES Defendant's Motion.

I.  Relevant Facts

On June 25, 2009, Special Agent Sean Montgomery of the DEA, Hopewell Police Detective

Intravia, Deputy U. S. Marshal Bill Stanton, and other officers were involved in a U. S. Marshal

Service initiative called "Operation Falcon."  This was a nationwide operation involving federal,

state, and local authorities working in a concerted effort to apprehend fugitives.  The Task Force,

including Agent Montgomery, Detective Intravia, and Deputy Stanton, received information that

Defendant Parson was a fugitive pursuant to an outstanding arrest warrant issued by the Circuit

Court of the City of Hopewell, Virginia.  Based on paperwork that Deputy Stanton was privy to, and

that Detective Intravia and Agent Montgomery knew subsequent to a briefing, they all understood

that the underlying offense which ultimately triggered the capeas was a drug distribution case.

The group went to the address of Defendant Parson's girlfriend, Ms. Jessica Collins.  There,

they observed a black male and a white female, later identified as the defendant and Ms. Collins,

hurrying down the sidewalk toward a four-door green Ford Gran Torino, year 1999.  Parson and

Collins entered the vehicle, and Agent Montgomery pulled his car in front of the vehicle. The officers got out of their car, and ordered the defendant and Ms. Collins to exit the vehicle. Defendant quickly got out of the car, and quickly closed the passenger side door. Within ten seconds, Detective Intravia got to the defendant, and Agent Montgomery was right behind him. Detective Intravia went to handcuff and patdown the defendant. At the same time, Agent Montgomery went into the car because his earlier observation of the defendant's manner of getting out of the car and quickly closing the door raised his concern that a weapon might be in the car.

As Agent Montgomery went into the car, there was a purse in the middle of the floor which he picked up, checking its weight for the possibility of a weapon. Immediately upon picking up the purse, Agent Montgomery observed a plastic bag underneath the purse containing what later turned out to be cocaine. Simultaneously, Deputy Stanton was dealing with Ms. Collins on the driver's side of the car. Collins had exited the car, but while standing between the driver's side door and the entrance to the car, she made a motion as if to re-enter the car. At this point, Deputy Stanton took control of Ms. Collins and placed her in handcuffs. Through his Motion, Defendant seeks to suppress all of the evidence obtained and statements he made as a result of the vehicle search.

II. Discussion

Protection of police can justify protective searches when police have a reasonable belief that a suspect poses a danger to themselves or others. Michigan v. Long, 463 U.S. 1032, 1049 (1983); United States v. Griffin, 589 F.3d 148, 153 (4th Cir. 2009). Law enforcement officers may search the passenger compartment of a vehicle incident to a lawful traffic stop, and limited to the areas where a weapon may be hidden, if they possess "a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons" in the vehicle. Long, 463 U.S. at 1049. In Maryland v. Buie, 494 U.S. 325 (1990), the

Supreme Court upheld law enforcement use of a protective sweep, a quick and limited search of a premises incident to arrest, conducted to protect the safety of police officers or others. Id. at 325; see also, e.g., United States v. Williamson, 250 Fed. App'x 532, 533 (4th Cir. 2007) (citing Buie, 494 U.S. at 334); United States v. Smith, 931 F.2d 55 (Table) at *3 (4th Cir. 1991) (finding that the Fourth Circuit has upheld such searches where necessary to protect the safety of the arresting officers or to prevent the destruction of evidence).

In Arizona v. Gant, 129 S. Ct. 1710 (2009), the Supreme Court held that "police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest," Arizona v. Gant, 129 S. Ct. at 1723 (2009),[1] however in the instant case, it is the possible danger of Ms. Collins, who herself was not under arrest at the time of the search, that compelled the officer's search of the vehicle.

The sound reasoning behind the aforementioned cases leads the Court to its conclusion in the instant case. This Court finds that an unsecured occupant of a car present during the lawful arrest of another occupant can be a real, potential threat to police officers present, and that the specific, articulable facts in this instance warranted the officers' reasonable belief of a threat. The reasoning behind Long's holding that an officer may search a vehicle's passenger compartment when he has a reasonable suspicion that an individual is "dangerous" and might access the vehicle to "gain immediate control of weapons" warrants equal protection in these circumstances, where another individual who has not been placed under arrest, but has not yet been secured by a police officer, could still pose a potential threat to law enforcement. It cannot be that law enforcement must put

---

[1] Justice Alito's dissent in Gant noted that the Court's decision did not reach situations similar to the instant case where an officer "arrest[s] some but not all of the occupants of a vehicle," or whether in that situation "a search of the passenger compartment may be justified on the ground that the occupants who are not arrested could gain access to the car and retrieve a weapon or destroy evidence." Id. at 1731 n.2 (Alito, J., dissenting).

themselves at risk where another occupant of vehicle is not under arrest. For these reasons, as well as those stated from the bench on January 7, 2010, the Defendant's Motion to Suppress is DENIED. An appropriate Order will issue.

Let the Clerk send a copy of this Opinion to all counsel of record.

<div style="border:1px solid black; padding:20px; width:50%; margin-left:auto;">

_____/s/_____
James R. Spencer
Chief United States District Judge

</div>

ENTERED this __6th__ day of April 2010